**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| R.D. BRAVO, | ) | |
| | ) | 3:12-CV-0041-LRH (VPC) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| SIERRA NEVADA HEALTH CARE SYSTEM, | ) | |
| | ) | |
| Defendant(s). | ) | March 9, 2012 |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Before this court is plaintiff's application to proceed *in forma pauperis* and *pro se* complaint (#1). As set forth below, it is recommended that plaintiff's application to proceed *in forma pauperis* be denied and his complaint be dismissed without prejudice.

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the

1  court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74
2  F.3d 955, 957 (9th Cir. 1996).

3      The complaint must be dismissed *sua sponte* if it is in fact frivolous – that is, if the claims
4  lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that
5  are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement
6  of a legal interest which clearly does not exist), as well as claims based upon fanciful factual
7  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
8  (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9      In the instant case, plaintiff fails to set forth any facts that would entitle him to relief in this
10  court. Plaintiff brings this action against the Sierra Nevada Healthcare System. In the complaint,
11  plaintiff alleges that since he arrived in Reno and started going to the VA Hospital "certain people
12  in the system here have been manipulating others and also involving themselves in a scheme to
13  manipulate [his] Civil Rights" (#1-1) Plaintiff suggests that the court "get with Ms. Chris Davis, the
14  patient representative to obtain all the paperwork, reports, etc. that support his claim." *Id.* Plaintiff
15  claims that his "case is an indirect result of the United States not taking care of the issue of illegal
16  immigration when they should have." *Id.* Plaintiff also attaches various documents and statements
17  to his complaint. Plaintiff does not name any individual defendants or state any cognizable claim
18  upon which relief can be granted.

19      Without addressing any potential jurisdictional problems that plaintiff may have encountered,
20  this court concludes that plaintiff's complaint fails to state a claim upon which relief may be granted.
21  Therefore, it is recommended that plaintiff's complaint be dismissed without prejudice.

22      The parties are advised:

23      1.  Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the
24  parties may file specific written objections to this report and recommendation within fourteen days
25  of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and
26  Recommendation" and should be accompanied by points and authorities for consideration by the
27  District Court.

28

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the district court enter an order **DENYING** plaintiff's motion to proceed *in forma pauperis* (#1) and **DISMISSING** this action without prejudice.

DATED: March 9, 2012.

_____
UNITED STATES MAGISTRATE JUDGE